## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-cv-22969-ALTMAN

**WALTER DRUMMOND**,

     *Plaintiff,*

*v.*

**BROWARD COUNTY**,

     *Defendant.*

_____/

### <u>ORDER</u>

Our Plaintiff, Walter Drummond, is serving a life sentence in the custody of the Florida Department of Corrections because he was adjudicated guilty of "robbery with a firearm and shooting into an occupied dwelling entered in the Seventeenth Judicial Circuit Court for Broward County, Florida, Case No. 02-004343-CF10A." Order of Dismissal, *Drummond v. Fla. Dep't of Corr.*, No. 21-cv-61823 (S.D. Fla. Aug. 31, 2021) (Bloom, J.), ECF No. 3 at 1, *aff'd*, 2023 WL 28977 (11th Cir. Jan. 4, 2023). Drummond has now filed this civil-rights complaint under 42 U.S.C. § 1983, seeking $23 billion from the Broward County Sheriff's Office for certain (alleged) violations of his *Miranda*[1] rights, which resulted in Drummond being "wrongfully incarcerated for 20 years[.]" Complaint [ECF No. 1] at 5. After careful review, we **DISMISS** the Complaint because it (1) fails to state a claim under § 1983, and (2) is a transparent attempt to circumvent 28 U.S.C. § 2244(b)'s general prohibition against second or successive petitions.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

We'll start with the biggest issue Drummond's Complaint faces: A § 1983 plaintiff cannot sue a state actor for committing a *Miranda* violation. Just last year, the Supreme Court held that "a violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of a right secured by the Constitution.'" *Vega v. Tekoh*, 142 S. Ct. 2095, 2106 (2022) (quoting 42 U.S.C. § 1983 (alterations omitted)). The Court explained that "[a]llowing § 1983 suits based on *Miranda* claims" to proceed would (among other things) produce "'unnecessary friction' between the federal and state court systems by requiring the federal court entertaining the § 1983 claim to pass judgment on legal and factual issues already settled in state court." *Id.* at 2107; *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("A claim for damages [which would necessarily imply the invalidity of] a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). Generally speaking, then, a plaintiff who believes that his conviction was

premised on a *Miranda* violation must assert that claim in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."); *see also, e.g.*, *Hunter v. Skipper*, 2022 WL 16924128, at *4 (W.D.N.C. Nov. 14, 2022) (Reidinger, C.J.) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (explaining that *Miranda* claims are "not cognizable in this § 1983 action" and that the plaintiff's "sole federal remedy is a writ of habeas corpus").

And, of course, Drummond has already tried that. He's filed at least two § 2254 petitions in this Court, complaining that his conviction was unconstitutionally tainted by a *Miranda* violation. *See generally* Petition, *Drummond v. Fla. Dep't of Corr.*, No. 21-cv-61823 (S.D. Fla. Aug. 30, 2021), ECF No. 1 at 3; Petition, *Drummond v. Florida*, No. 23-cv-60694 (S.D. Fla. Apr. 13, 2023), ECF No. 1 at 8. Unfortunately for Drummond, both of his § 2254 petitions were dismissed because they were "second or successive" petitions that were filed without authorization from the Eleventh Circuit. *See* Order of Dismissal, *Drummond v. Fla. Dep't of Corr.*, No. 21-cv-61823 (S.D. Fla. Aug. 31, 2021) (Bloom, J.), ECF No. 3 at 1 ("For the reasons set forth below, the Petition is dismissed as successive."); Order of Dismissal, *Drummond v. Florida*, No. 23-cv-60694 (S.D. Fla. June 30, 2023) (Moore, J.), ECF No. 4 at 3 ("Because the instant federal petition challenges the legality of the same state court judgment that was the subject of Petitioner's 2015 and 2021 § 2254 actions, this later filing is successive and subject to dismissal."); *see also Drummond*, 2023 WL 28977, at *1 ("Thus, the district court did not err in dismissing Drummond's petition as successive because he had previously filed a § 2554 petition.").

\*     \*     \*

In short, two judges in our District prevented Drummond from bringing his *Miranda*-based claim in successive § 2254 petitions. Unsatisfied with this outcome, Drummond tried to repackage the

same claim in a § 1983 complaint. This too, however, is improper. *See Hutcherson*, 468 F.3d at 754 ("[I]f a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004))).

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on August 9, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Walter Drummond, *pro se*